Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LUIS OMAR REYES ROQUE; MICHELLE QUIÑONES VELÁZQUEZ **Apelante** V. EX PARTE **Apelados** | KLAN202300982 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina Civil. Núm. F DI2004-1276 Sobre: Divorcio, Consentimiento Mutuo |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

Hernández Sánchez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de diciembre de 2023.

El 3 de noviembre de 2023, el Sr. Luis Omar Reyes Roque (señor Reyes o apelante) compareció ante nos mediante un *Recurso de Apelación* y solicitó la revisión de una *Resolución* que se dictó el 2 de octubre de 2023 y se notificó el 4 de octubre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI). Mediante el aludido dictamen, el TPI, en lo pertinente, determinó que la rebaja a la pensión alimentaria del menor B.O.R.Q. sería efectiva desde el 6 de septiembre de 2023.

Por los fundamentos que expondremos a continuación, **confirmamos** el dictamen recurrido.

I.

El 14 de octubre de 2022, el señor Reyes presentó una *Moción de Relevo de Pensión Alimentaria y Revisión de Pensión de Alimentos*.[1] En esta, solicitó que se le relevara del pago de la pensión alimentaria respecto al menor B.O.R.Q. ya que cumplía su mayoría de edad el 19 de octubre de 2022. Además, solicitó la celebración de una vista para

---

[1] Véase, págs. 14-15 del apéndice del recurso.

Número Identificador

RES2023 _____

que se realizara una revisión de pensión alimentaria en cuanto al menor C.S.R.Q. Posteriormente, el 7 de febrero de 2023, el apelante presentó otra *Moción de Relevo de Pensión Alimentaria y Revisión de Pensión de Alimentos.*[2] Sostuvo que las necesidades de sus alimentistas habían cambiado considerablemente. Particularmente, en cuanto a su hijo, B.O.R.Q., afirmó que este había advenido la mayoría de edad por lo que solicitaba el relevo del pago de pensión alimentaria en cuanto a este.

Por otra parte, en cuanto al menor C.S.R.Q. indicó que este último no tenía necesidades de alimentos toda vez que era empleado a sueldo y generaba suficientes ingresos para cubrir sus necesidades en su totalidad. De este modo solicitó que se le relevara del pago de la pensión alimentaria en cuanto a este menor o en la alternativa, que se rebajara el pago de esta. Aseguró que contaba con la prueba testimonial y documental para establecer como ciertas las alegaciones antes expuestas. Por último, le solicitó al TPI a que la determinación que en su día tomara en cuanto la revisión y/o relevo de la pensión alimentaria se hiciera retroactiva al 14 de octubre de 2022, fecha en que presentó la primera solicitud de relevo y revisión de pensión alimentaria.

Así las cosas, el 6 de septiembre de 2023, se celebró la vista sobre revisión de pensión alimentaria. A estos efectos, la Examinadora de Pensiones preparó un *Informe* mediante el cual realizó unas determinaciones de hechos y conclusiones de derecho conforme al Reglamento Núm. 8529 intitulado *Guías Mandatorias para Computar las Pensiones Alimentarias en Puerto Rico* que se aprobó el 30 de octubre de 2014 y la Ley Núm. 5 de 30 de diciembre de 1986, según enmendada, también conocida como *Ley Orgánica de la Administración para el Sustento de Menores*, 8 LPRA sec. 501 *et seq.* (Ley Núm. 5-1986).[3] Asimismo, a base de la prueba documental, los testimonios de las partes y el derecho aplicable, realizó las siguientes

---

[2] Íd., págs. 16-17.
[3] Íd., págs. 5-13.

recomendaciones: (1) que el apelante pagara una pensión de $372.00 mensuales dentro de los primeros cinco (5) días de cada mes; (2) **que la pensión alimentaria fuese efectiva desde el 6 de septiembre de 2023;** (3) que los gastos médicos extraordinarios fuesen aportados en su totalidad por el señor Reyes; y, por último; (4) que las partes debían conservar evidencia de los pagos realizados en la pensión.

Examinado el aludido *Informe* y las recomendaciones que surgen de este, el 2 de octubre de 2023, el TPI emitió una *Resolución* que se notificó el 4 de octubre de 2023.[4] En esta, el TPI hizo formar parte de su dictamen el referido *Informe* y en lo pertinente al caso ante nos, estableció que la rebaja de la pensión alimentaria del menor C.S.R.Q. sería efectiva al 6 de septiembre de 2023. Inconforme con esta determinación, el 3 de noviembre de 2023, el apelante presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el TPI al resolver que la efectividad de la rebaja de pensión alimentaria es de 6 de septiembre d e2023 y no, 14 de octubre de 2022, fecha en que se radicó la solicitud de relevo y revisión de pensión de alimentos en el caso de autos.**

Atendido el recurso, el 7 de noviembre de 2023, emitimos una *Resolución* concediéndole a la Sra. Michelle Quiñones Velázquez (señora Quiñones o apelada) hasta el 16 de noviembre de 2023 para presentar su alegato en oposición. Posteriormente, la apelada solicitó prórroga para presentar su posición y se le concedió un término hasta el 8 de diciembre de 2023. El mismo día que vencía el término antes descrito, la parte apelada presentó una solicitud de prórroga adicional a la ya concedida a la cual declaramos No Ha Lugar.[5] Por consiguiente, declaramos perfeccionado el presente recurso y estando en posición de resolver, procedemos a así hacerlo.

---

[4] Íd., págs. 2-4.

[5] La Regla 72 (B) de nuestro Reglamento dispone que una parte debe solicitar prórroga por lo menos tres (3) días laborables antes de expirar el plazo cuya prórroga se solicita. En el presente caso, la apelada solicitó una prórroga para presentar su recurso en oposición y le concedimos un término hasta el 8 de diciembre de 2023. La señora Quiñones presentó una *Breve Prórroga Adicional* [...] el mismo 8 de diciembre de 2023. Entiéndase, el mismo día en que vencía el término para presentar su oposición. Por esta razón, no se le otorgó la prórroga y, por ende, procedemos a atender el recurso sin su comparecencia.

## II.

Los casos de alimentos de menores están revestidos del más alto interés público. *Díaz Rodriguez v. García Neris,* 208 DPR 706, 717 (2022). La cuantía de los alimentos que los padres deben proveer a sus hijos será proporcional a las necesidades de aquél que los recibe y a los recursos de quien los da, reduciéndose o aumentándose la misma conforme a tales criterios. Art. 146 del Código Civil de 1930, 31 LPRA sec. ant. 565. A tenor con lo antes expuesto, cabe precisar que, la Ley Núm. 5-1986, *supra,* establece un mecanismo para otorgarle cierta uniformidad al proceso de fijar la cuantía de una pensión de alimentos. Específicamente, el Art. 19 (c) de la referida ley, 8 LPRA sec.518, expone, entre otras cosas, que la pensión alimentaria así fijada siempre está sujeta a revisión, y puede modificarse por el cambio sustancial en las circunstancias personales del alimentante o del alimentista. De igual forma, el aludido artículo añade que, salvo circunstancias extraordinarias, tal revisión podrá darse en un plazo de tres (3) años, desde la última fijación.

Por otra parte, y en lo pertinente al caso ante nos, el Art. 19(b) de la Ley Núm. 5-1986[6], *supra,* establece que **cuando un alimentante solicita la reducción de una pensión alimentaria, dicha reducción será efectiva desde la fecha en que el Tribunal emita una determinación en cuanto a la petición de reducción.** (Énfasis suplido). Además, dicho artículo dispone que, la pensión alimentaria no estará sujeta a reducción retroactiva en Puerto Rico ni en ningún estado, **excepto en circunstancias extraordinarias el Tribunal podrá**

---

[6] Cabe precisar que, el Art. 19 de la Ley Núm. 5-1986, *supra,* se enmendó el 30 de diciembre de 2010 mediante la Ley Núm. 282, con el propósito de permitir que la rebaja de una pensión alimentaria se hiciera retroactiva a la fecha en que se presentó la solicitud de reducción de la pensión alimentaria. Sin embargo, la Ley Núm. 30 que se aprobó el 18 de enero de 2012, enmendó el artículo nuevamente para que leyera como fue citado en este dictamen, a saber, que la reducción de la pensión alimentaria sería efectiva desde la fecha en que el Tribunal emita una determinación en cuanto a la petición de reducción. De igual forma, incluyó el texto que lee que la pensión alimentaria no será retroactiva a la petición de la reducción excepto en circunstancias extraordinarias. La última enmienda a este artículo fue el 5 de septiembre de 2020 mediante la Ley Núm. 139 y este mantuvo inalterado el texto antes expuesto en la enmienda del 18 de enero de 2012.

**hacer efectiva la reducción a la fecha de la notificación de la petición de reducción.** (Énfasis suplido).

III.

En su único señalamiento de error, el señor Reyes impugnó la determinación del TPI en cuanto a que la rebaja de la pensión alimentaria del menor C.S.R.Q. sería efectiva desde el 6 de septiembre de 2023 y no así desde el 14 de octubre de 2022, fecha en la que presentó la primera petición de relevo y revisión de pensión alimentaria. Específicamente argumentó que en virtud de la Ley Núm. 232 de 30 de diciembre de 2010 se enmendó el Art. 19 de la Ley Núm. 5-1986, *supra*, con el fin de permitir que la rebaja de una pensión alimentaria fuese retroactiva a la fecha en que se presentó la solicitud de reducción de pensión alimentaria. Así pues, sostuvo que la rebaja de pensión alimentaria del menor C.S.R.Q. debía ser efectiva desde el 14 de octubre de 2022. No le asiste la razón. *Veamos.*

Si bien es cierto que la Ley Núm. 232 de 30 de diciembre de 2010 enmendó el Art. 19 de la Ley Núm. 5-1986, *supra*, con el fin de disponer la retroactividad de la rebaja de la pensión alimentaria al momento en que se presentó la petición de reducción, cabe precisar que dicho artículo sufrió otras enmiendas posteriormente. El 12 de enero de 2012 se aprobó la Ley Núm. 30 y mediante este estatuto nuevamente se enmendó el Art. 19 de la Ley Núm. 5-1986, *supra*, para efectos de establecer que la pensión alimentaria sería efectiva desde la fecha en que el Tribunal emitiera una determinación en cuanto a la petición de reducción. De igual forma, incluyó el texto que lee que la pensión alimentaria no sería retroactiva a la petición de la reducción excepto en circunstancias extraordinarias. Ahora bien, de igual forma es importante mencionar que la última enmienda al Art. 19 fue el 5 de septiembre de 2020 mediante la Ley Núm. 139 y en esta, se mantuvo inalterado el texto antes expuesto de la enmienda del 18 de enero de 2012.

En el caso de autos, mediante el dictamen recurrido, el TPI resolvió que la rebaja de la pensión alimentaria sería efectiva desde el 6 de septiembre de 2023, fecha en que la Examinadora de Pensiones Alimentarias emitió el *Informe* en cuanto a la solicitud de rebaja de la pensión alimentaria del menor C.S.R.Q. Así pues, conforme al derecho antes expuesto, es forzoso concluir que el TPI no erró al no aplicar la retroactividad de la rebaja de la pensión alimentaria al momento en que se presentó la petición de reducción el 14 de octubre de 2022. Como establecimos anteriormente, el Art. 19 sufrió enmiendas posteriores a las de la Ley Núm. 232 del 30 de diciembre de 2010. Estas últimas enmiendas disponían que, la pensión alimentaria no sería retroactiva a la petición de la reducción excepto en circunstancias extraordinarias. En consecuencia, el único señalamiento de error no se cometió.

IV.

Por los fundamentos antes expuestos, ***confirmamos*** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones